**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Kortek Industries Pty Ltd. | |
| Plaintiff, | Civil Action No. 6:21-cv-01027 |
| v. | The Honorable _____ |
| Shenzhen Gosund Technology Co., Ltd. | **JURY TRIAL DEMANDED** |
| Defendant | |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Kortek Industries Pty Ltd. ("Kortek"), files this Complaint for Patent Infringement and Damages against Defendant Shenzhen Gosund Technology Co., Ltd, ("Gosund" or "Defendant"), and would respectfully show the Court as follows:

**PARTIES**

1.  Plaintiff Kortek is a limited by shares Australian proprietary (private) company with its principal place of business located at 34/691 Brunswick St, New Farm 4005, Queensland, Australia. Kortek is an Australian engineering firm that develops sensors, controllers, and gateways for building cloud connected systems.

2.  Upon information and belief, Defendant Gosund is a limited liability company organized and existing under the laws of the People's Republic of China, with a principal place of business located at No.14, Difu Road,Gushu Community, Xixiang Street, Baoan District, Shenzhen, P.R. China.

3.  Counsel for Kortek has communicated with counsel for Gosund in hopes of facilitating settlement, but these attempts have not been successful.

1

## JURISDICTION AND VENUE

4.   This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.   Gosund is in the business of supplying smart devices, such as smart plugs, smart wall sockets, smart power strips, and smart switches, in the United States.

6.   Gosund has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

7.   Gosund has made, used, sold, offered for sale, and/or imported smart devices and/or has placed such smart devices into the stream of commerce, which have been offered for sale, sold, and/or used in the State of Texas and this District.

8.   Gosund has made, used, sold, offered for sale, and/or imported smart devices that are alleged herein to infringe one or more of the patents set forth herein, and/or has placed such devices into the stream of commerce, which devices have been made, offered for sale, sold, and/or used in the State of Texas and within this District.

9.   Gosund makes, uses, sells, and/or offers to sell products in this District that are accused of infringement in this Complaint.

10.  Gosund is subject to personal jurisdiction in Texas and in this judicial district because, *inter alia*, (1) Gosund has purposefully directed activities toward the United States, Texas, and this

District; (2) Kortek's claim arises out of and/or is related to Gosund's activities with the United States; and (3) the exercise of personal jurisdiction in this case is reasonable and fair.

11. Gosund advertises in the United States and Texas and sets itself apart on its website as "lead[ing] sales in [the] North American market" and then listing the graphic below, highlighting the United States, including Texas:



From https://www.gosund.com/single/About_us.html

12. Upon information and belief, Gosund is a limited liability company organized and existing under the laws of the People's Republic of China, with a principal place of business at No.14, Difu Road, Gushu Community, Xixiang Street, Baoan District, Shenzhen, P.R. China. Defendant Gosund engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process. Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Defendant Gosund has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State. The Secretary of State may

forward service to Defendant Gosund at its home office address located at No.14, Difu Road, Gushu Community, Xixiang Street, Baoan District, Shenzhen, P.R. China.

13. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

14. Kortek's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

15. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products covered by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

16. This Court has personal jurisdiction over Defendant pursuant to, *inter alia*, TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. Personal jurisdiction also exists because, on information and belief, Defendant has: (1) operated the Internet

website https://us.gosund.com/ , which are available to and accessed by customers and potential customers of the Defendant; (2) sold its products to customers within Texas and this District by listing its products at Amazon through its "Gosund Store" on Amazon at https://www.amazon.com/stores/Gosund/page/A2063F92-EADF-486E-875E-B9BBD537C11E (Amazon has a regular and established place of business in Austin, Texas[1]).

17.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

18.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

19. Venue is proper in this Court under, *inter alia*,  28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) based on information set forth in ¶¶3-20, which are herein repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District.

20.     Venue is proper as to Defendant Gosund, which is organized under the laws of China because 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants" and Gosund is a nonresident for the purposes of §1391.

---

[1] See, e.g., https://www.amazon.jobs/en/locations/austin.

21.     Gosund is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Gosund's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## THE PATENTS-IN-SUIT

22.     On October 11, 2016, United States Patent No. 9,465,377 ("the '377 patent"), entitled "Wireless power, light and automation control" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '377 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '377 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '377 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '377 Patent. Defendant is not licensed to the '377 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '377 patent whatsoever. A true and correct copy of the '377 patent is attached hereto as **Exhibit A**.

23.     On March 7, 2017, United States Patent No. 9,590,427 ("the '427 patent"), entitled "Adaptable wireless power, light and automation system" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries

Pty Ltd all rights, title, and interest in and to the invention of the '427 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office.  The '427 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '427 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '427 Patent. Defendant is not licensed to the '427 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '427 patent whatsoever. A true and correct copy of the '427 patent is attached hereto as **Exhibit B**.

24.     On December 8, 2020, United States Patent No. 10,862,313 ("the '313 patent"), entitled "Adaptable Wireless Power, Light and Automation System" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '313 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '313 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '313 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '313 Patent. Defendant is not licensed to the '313 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '313 patent whatsoever. A true and correct copy of the '313 patent is attached hereto as **Exhibit C**.

25.     On October 1, 2019, United States Patent No. 10,429,869 ("the '869 patent"), entitled "Wireless power, light and automation control" was duly and legally issued by the USPTO

to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '869 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '869 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '869 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '869 Patent. Defendant is not licensed to the '869 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '869 patent whatsoever. A true and correct copy of the '869 patent is attached hereto as **Exhibit D**.

26.     The '377, '427, '313 and '869 patents are collectively referred to herein as the "Kortek Patents" or the "patents-in-suit."

27.     Plaintiff Kortek is the owner of the entire right, title, and interest in and to the Kortek Patents. Each of the Kortek Patents are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

28.     Defendant Gosund manufactures, uses, tests, markets, offers for sale, sells and/or imports into the United States wi-fi enabled smart devices.  Hereafter, the term "Accused Instrumentalities," "Accused Products," or "Accused Devices" refers to all products manufactured, used,  tested, sold, offered for sale, or imported into the United States by Defendant practicing the patents-in-suit and all processes employed by Defendant that practice the patents-in-suit, consisting of at least Gosund's wi-fi enabled smart devices as listed on the product page of the Gosund.com website (https://www.gosund.com/download/smart_plug.html), including at least by way of example and without limitation the following Gosund / TanTan / Nitebird smart plugs,

8

smart wall sockets, smart power strips, smart switches, smart LED strip lights, and smart bulbs: LB1, WB3-2, WB4, WB5, SL1, SL2, SL3, LB3, Gosund 800LM A19 E26 LED Smart Bulb/ Rgb 4pack, SW5, SW6, SW8, Smart Switch, Gosund 3 Way Light WiFi Switch, Gosund-WP9-10A (Gosund Smart Power Strip), Smart LED Strip Lights, P2, WP6-B, WP6, WP5, WP3, WP3-1, Gosund-S1-1-FBA, Gosund-KS-602S, Gosund-KS2, Gosund-DS1, WP2, UP111, SP211, SP112, SP111, SP1, WP9 (Black and White), SW1, SW2, and 2Nice WT10..

## **BACKGROUND**

29.     Kortek Industries Pty Limited is an Australian proprietary (private) company which is focused on design of an Industrial Internet of Things (IIoT) energy control platform comprising enterprise grade hardware, firmware and knowhow developed by a management team that has created transformative solutions for leading global brands such as Sony, Siemens, Raytheon, Kodak, Visa, Mastercard and HSCB. The company's unique technology includes a range of power measurement and switching devices that let utilities and industrials securely monitor, control and automate the power supplied to electrical equipment through a local wireless network or cloud platform. Applications include demand response, grid management, industrial automation and predictive maintenance. Kortek's world first, patented architecture gives infrastructure customers reliable, future-proofed devices that can be purchased in quantity and installed without concern for the technological obsolescence common with competing IoT solutions.

30.     Kortek is backed by team of veteran engineers with a proven track record in the development and mass production of complex electronics for consumer, commercial, banking, military and industrial applications. Barrie Davis, Kortek's Managing Director, designed, manufactured and sold significant products for over 45 years. Many of Barrie's pioneering

achievements formed the foundations for what have become common industry practices. His proven ability to innovate underpins Kortek's transformative technology.

31. Kortek is a company created to commercialize the intellectual property and engineering of Xitel Pty Ltd. ("Xitel"). Barrie formed Xitel in 1976 to provide contract design services for electronic products that featured microprocessors, a relatively new technology at the time. Prior to forming Xitel, Barrie had already completed several successful products. Significant among these was the Information Electronics Ltd IE131 programmable CRT terminal which used an Intel 8008 processor, 1103 dynamic RAM and 1702A EPROM, all cutting edge in its day. For the IE131, Barrie was awarded a Masters Degree in Electrical Engineering from Adelaide University after referral to the Massachusetts Institute of Technology (MIT) for examination due to the revolutionary nature of its design.

32. The IE131 went into full production in early 1973 and was the world's first microcomputer controlled CRT terminal, predating the Apple 1 by three years. The IE131 was sold in volume to the Australian Federal Government and utilities. On the back of this, Intel Inc offered Barrie a position at their headquarters in the USA, which he declined in order to start Xitel.

33. In 2013, Kortek was established to commercialize the intellectual property and know-how developed by Xitel related to the Internet of Things. Kortek is focused on creating unique embedded architecture and devices for the control and measurement of electrical equipment in infrastructure applications. Kortek's technology covers a diverse range of industrial, agriculture, medical, utility and municipal market verticals. As an early entrant in the IoT, Kortek continues to file patents and holds granted applications that cover a number of cornerstone aspects.

34. Kortek has at least 14 PCT filings, over 10 national phase primary or divisional applications, and 34 granted patents (US, EU, JP, AU, KR and CN).

## COUNT I
## PATENT INFRINGEMENT OF THE '377 PATENT

35.      Plaintiff restates and realleges the preceding paragraphs of this Complaint.

36.      Gosund has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '377 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Gosund's wi-fi enabled smart devices, including by way of example and without limitation the Accused Products.

37.      Gosund also indirectly infringes the '377 patent by actively inducing direct infringement by third parties under 35 U.S.C. § 271(b). Gosund has knowingly (since at least June 16, 2020) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '377 patent (such as its customers in this District and throughout the United States). Gosund continues to induce infringement of the '377 patent. Gosund has contributorily infringed and is a contributory infringer because, with knowledge of the '377 patent (since at least the filing of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Gosund contributes to its customers' infringement because, with knowledge of the '377 patent, Gosund supplies the technology that allows its customers to infringe the patent. Further, Gosund exerts direction or control over its partners, suppliers, and/or customers.

38.      Gosund has knowledge that its activities concerning the Accused Products infringe one or more claims of the '377 patent. On information and belief, Gosund will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '377 patent) and Gosund has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '377

patent. Further, Gosund provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Gosund's Accused Products (which are acts of direct infringement of the '377 patent). Alternatively, on information and belief, Gosund knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '377 patent but took deliberate actions to avoid learning of these facts.

39.     On information and belief, Gosund's infringement of the '377 patent has been willful and merits increased damages.

40.     On information and belief, Gosund has known that its activities concerning the 'Accused Products infringed one or more claims of the '377 patent since at least the filing of this Complaint.

41.     On information and belief, Gosund has made no attempt to design around the claims of the '377 patent.

42.     On information and belief, Gosund did not have a reasonable basis for believing that the claims of the '377 patent were invalid.

43.     On information and belief, Gosund's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

44.     Kortek has been damaged as the result of Gosund's willful infringement. Upon information and belief, Gosund will continue to infringe one or more claims of the '377 patent unless and until they are enjoined by this Court.

45.     Gosund has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '377 patent. Kortek will suffer further irreparable injury,

for which it has no adequate remedy at law, unless and until Gosund is enjoined from infringing the claims of the '377 patent.

46.      The claim chart attached hereto as **Exhibit E** describes how the elements of exemplary claim 1 from the '377 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

**COUNT II**
**PATENT INFRINGEMENT OF THE '427 PATENT**

47.      Plaintiff restates and realleges the preceding paragraphs of this Complaint.

48.      Gosund has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '427 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Gosund's wi-fi enabled smart devices, including by way of example and without limitation the Accused Products.

49.      Gosund also indirectly infringes the '427 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Gosund has knowingly (since at least the filing of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '427 patent (such as its customers in this District and throughout the United States). Gosund continues to induce infringement of the '427 patent. Gosund has contributorily infringed and is a contributory infringer because, with knowledge of the '427 patent, it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Gosund contributes to its customers' infringement because, with knowledge of the '427 patent, Gosund supplies the

technology that allows its customers to infringe the patent.  Further, Gosund exerts direction or control over its partners, suppliers, and/or customers.

50.     Gosund has knowledge that its activities concerning the Accused Products infringe one or more claims of the '427 patent. On information and belief, Gosund will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '427 patent) and Gosund has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '427 patent. Further, Gosund provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Gosund's Accused Products (which are acts of direct infringement of the '427 patent). Alternatively, Gosund knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '427 patent but took deliberate actions to avoid learning of these facts.

51.     On information and belief, Gosund's infringement of the '427 patent has been willful and merits increased damages.

52.     On information and belief, Gosund has known that its activities concerning the 'Accused Products infringed one or more claims of the '427 patent since at least the filing of this Complaint.

53.     On information and belief, Gosund has made no attempt to design around the claims of the '427 patent.

54.     On information and belief, Gosund did not have a reasonable basis for believing that the claims of the '427 patent were invalid.

55.     On information and belief, Gosund's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

56.     Kortek has been damaged as the result of Gosund's willful infringement. Upon information and belief, Gosund will continue to infringe one or more claims of the '427 patent unless and until they are enjoined by this Court.

57.     Gosund has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '427 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Gosund is enjoined from infringing the claims of the '427 patent.

58.     The claim chart attached hereto as **Exhibit F** describes how the elements of exemplary claim 1 from the '427 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT III
## PATENT INFRINGEMENT OF THE '313 PATENT

59.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

60.     Gosund has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '313 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Gosund's wi-fi enabled smart devices, including by way of example and without limitation the Accused Products.

61.     Gosund also indirectly infringes the '313 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Gosund has knowingly (since at least the

filing of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '313 patent (such as its customers in this District and throughout the United States). Gosund continues to induce infringement of the '313 patent. Gosund has contributorily infringed and is a contributory infringer because, with knowledge of the '313 patent (since at least the filing of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Gosund contributes to its customers' infringement because, with knowledge of the '313 patent, Gosund supplies the technology that allows its customers to infringe the patent. Further, Gosund exerts direction or control over its partners, suppliers, and/or customers.

62.     Gosund has knowledge that its activities concerning the Accused Products infringe one or more claims of the '313 patent. On information and belief, Gosund will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '313 patent) and Gosund has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '313 patent. Further, Gosund provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Gosund's Accused Products (which are acts of direct infringement of the '313 patent). Alternatively, Gosund knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '313 patent but took deliberate actions to avoid learning of these facts.

63.     On information and belief, Gosund's infringement of the '313 patent has been willful and merits increased damages.

64.     On information and belief, Gosund has known that its activities concerning the 'Accused Products infringed one or more claims of the '313 patent since at least the filing of this Complaint.

65.     On information and belief, Gosund has made no attempt to design around the claims of the '313 patent.

66.     On information and belief, Gosund did not have a reasonable basis for believing that the claims of the '313 patent were invalid.

67.     On information and belief, Gosund's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

68.     Kortek has been damaged as the result of Gosund's willful infringement. Upon information and belief, Gosund will continue to infringe one or more claims of the '313 patent unless and until they are enjoined by this Court.

69.     Gosund has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '313 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Gosund is enjoined from infringing the claims of the '313 patent.

70.     The claim chart attached hereto as **Exhibit G** describes how the elements of exemplary claim 1 from the '313 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

**COUNT IV**
**PATENT INFRINGEMENT OF THE '869 PATENT**

1.  Plaintiff restates and realleges the preceding paragraphs of this Complaint.

2.     Gosund has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '869 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Gosund's wi-fi enabled smart devices, including by way of example and without limitation the Accused Products.

3.     Gosund also indirectly infringes the '869 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Gosund has knowingly (since at least the filing of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '869 patent (such as its customers in this District and throughout the United States). Gosund continues to induce infringement of the '869 patent. Gosund has contributorily infringed and is a contributory infringer because, with knowledge of the '869 patent (since at least the filing of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Gosund contributes to its customers' infringement because, with knowledge of the '869 patent, Gosund supplies the technology that allows its customers to infringe the patent. Further, Gosund exerts direction or control over its partners, suppliers, and/or customers.

4.     Gosund has knowledge that its activities concerning the Accused Products infringe one or more claims of the '869 patent. On information and belief, Gosund will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '869 patent) and Gosund has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '869 patent. Further, Gosund provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its

customers to purchase and instructing them to use Gosund's Accused Products (which are acts of direct infringement of the '869 patent). Alternatively, Gosund knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '869 patent but took deliberate actions to avoid learning of these facts.

5.      On information and belief, Gosund's infringement of the '869 patent has been willful and merits increased damages.

6.      On information and belief, Gosund has known that its activities concerning the 'Accused Products infringed one or more claims of the '869 patent since at least the filing of this Complaint.

7.      On information and belief, Gosund has made no attempt to design around the claims of the '869 patent.

8.      On information and belief, Gosund did not have a reasonable basis for believing that the claims of the '869 patent were invalid.

9.      On information and belief, Gosund's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

10.      Kortek has been damaged as the result of Gosund's willful infringement. Upon information and belief, Gosund will continue to infringe one or more claims of the '869 patent unless and until they are enjoined by this Court.

11.      Gosund has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '869 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Gosund is enjoined from infringing the claims of the '869 patent.

12.     The claim chart attached hereto as **Exhibit H** describes how the elements of exemplary claim 1 from the '869 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

13.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kortek respectfully requests the following relief:

A.     A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the Kortek Patents;

B.     A judgment that Defendant has induced infringement and continues to induce infringement of the Kortek Patents;

C.     A judgment that Defendant has contributorily infringed and continues to contributorily infringe the Kortek Patents;

D.     A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.     A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.     A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.     A judgment and order awarding a compulsory ongoing royalty;

H.      A judgment and order awarding Plaintiff costs associated with bringing this action;

I.      A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the Kortek Patents; and

J.      Such other and further relief as the Court deems just and equitable.


**JURY TRIAL DEMANDED**

Pursuant to FED. R. CIV. P. 38, Plaintiff Kortek hereby demands a trial by jury on all issues so triable.

Dated: October 4, 2021

Respectfully submitted,

By: /s/ Erick S. Robinson

Erick S. Robinson
Texas Bar No. 24039142
Porter Hedges LLP
1000 Main St., 36th Floor
Houston, TX 77002
Telephone: (713) 226-6615
Mobile: (713) 498-6047
Fax: (713) 583-9737
erobinson@porterhedges.com

*Attorneys for Kortek Industries Pty Ltd.*